IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Karen Kay Lee, | ) |
|       Plaintiff, | ) **ORDER** |
| vs. | ) Case No.: 3:22-cv-10 |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) |
|       Defendant. | ) |

Plaintiff Karen Kay Lee initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration Commissioner's ("Commissioner") final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (the "Act"). Both parties moved for summary judgment. (Doc. No. 21; Doc. No. 23). For the reasons below, Lee's motion is denied, and the Commissioner's motion is granted.

**I.   PROCEDURAL HISTORY**

Lee protectively filed for DIB on December 17, 2019, alleging disability beginning November 30, 2018. Doc. Nos. 19-10 at 4-5, 56. The same day she also filed an application for SSI. Id. at 11-19. In both applications, Lee alleged she was unable to work because she was disabled due to issues related to depression, anxiety, post-traumatic stress disorder, and allergies to medications. Doc. No. 19-11 at 2-3. Both applications were initially denied, then denied again upon request for reconsideration. Doc. No. 19-7 at 4-41. Lee then requested a hearing before an administrative law judge ("ALJ"). Id. at 42-43.

After an administrative hearing, the ALJ issued a decision on April 26, 2021, denying benefits to Lee.  Doc. No. 19-2 at 22-36.  Lee sought review of the ALJ's decision, but the Appeals Council declined to review the ALJ's decision. Doc. No. 19-2 at 2-5. The denial of review made the ALJ's decision the final decision of the Commissioner.  See 42 U.S.C. § 405(g); Clay v. Barnhart, 417 F.3d 922, 928 (8th Cir. 2005).  On January 26, 2022, Lee filed her complaint seeking judicial review pursuant to 42 U.S.C. § 405(g). Doc. No. 4.

## II.     STATEMENT OF FACTS AND TESTIMONY

Lee testified that she is a 50-year-old female, who has been diagnosed with several mental health conditions, including major depressive disorder, generalized anxiety disorder, maladaptive health behaviors affecting medical condition, and post-traumatic stress disorder.  Doc. No. 19-54 at 2.  According to Lee, she stopped working in September 2019 after she injured her finger at her home. Doc. Nos. 19-2 at 24-25; 19-5 at 10-11; 19-11 at 3.  In 2020 and early 2021, she attended individual therapy sessions with Allie Skjonsberg, a licensed clinical social worker.  During those visits, Skjonsberg noted that Lee had normal speech, logical and coherent thought process, normal thought content, good judgment and insight, and usually normal mood and affect.  See Doc. Nos. 19-17 at 28; 19-21 at 4; 19-27 at 2; 19-41 at 4; 19-42 at 6; 19-55 at 3.

In May 2020, Eric Monticello, a nurse practitioner, diagnosed Lee with major depressive disorder and prescribed medication.  Doc. No. 19-28 at 3-4.  In February 2021, Joel Kirchner, a psychologist, diagnosed Lee with the other conditions noted above.  Doc. No. 19-54 at 2.  However, after months on her prescribed medications, NP Monticello noted the medication appeared to be working and Lee was able to manage her moods and emotions.  Doc. No. 19-55 at 8.  He also estimated that Lee had average cognitive functioning.  Doc. No. 19-56 at 3.  Lee testified that at least one of her medications was generally effective in controlling her anxiety.  Doc. No. 19-5 at 22.

2

Two psychiatric review technique evaluations and mental residual functional capacity assessments were also in the record before the ALJ. These evaluations were completed by state agency psychological consultants Drs. Larry Kravitz and Amelia Versland. Doc. No. 19-2 at 33. Dr. Kravitz opined that Lee had moderate restrictions in concentration, persistence, and pace, and moderate limitations in interacting appropriately with the public. Doc. No. 19-6 at 11-15. He also opined that Lee could only have incidental public contact and uncomplicated interactions with coworkers and supervisions. Id. at 14. Dr. Versland agreed with Dr. Kravitz. Id. at 47, 49-53. Also in the record was a medical source statement by Skjonsberg. Doc. No. 19-18 at 43. Skjonsberg stated Lee had marked limitations with work and noted Lee would miss more than three days of work due to her impairments. Id. However, Skjonsberg's treatment notes indicated Lee had normal speech, logical and coherent thought process, normal thought content, good judgment and insight, and generally normal mood and affect. Doc. No. 19-2 at 33; 19-17 at 28; 19-21 at 4; 19-27 at 2; 19-42 at 6; 19-55 at 3.

## III.     ALJ's FINDINGS AND DECISION

As noted above, the ALJ issued a written order on April 26, 2021, denying Lee benefits. In that order, the ALJ applied the standard five-step sequential evaluation process.[1] Doc. No. 19-2 at 22-36. To start, the ALJ found Lee engaged in substantial gainful activity from July 2019 to September 2019, and there was a continuous twelve-month period when Lee did not engage in substantial gainful activity. Id. at 25. At step two, the ALJ found Lee had several severe impairments,

---

[1] The five steps are (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to the claimant's past relevant work; and, (5) whether the claimant can perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

including asthma, obesity, maladaptive health behaviors affecting medical condition, post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. Id. But, under step three, the ALJ concluded the impairments do not meet or equal one of the presumptively disabling impairments under 20 C.F.R. §§ 404.1520(a)(4)(iii) and 404.1520(d). Id. at 25-27.

Moving to step four, the ALJ determined Lee's residual functional capacity ("RFC") and determined she could perform light work with certain limitations but could not perform her past relevant work. Id. at 27-34. And at step five, the ALJ determined Lee could perform other work that existed in significant numbers in the national economy. Id. at 35; Doc. No. 19-5 at 33. As a result, the ALJ found Lee did not have a "disability," as defined in the Act, at any time from her application date through the date of decision. Doc. No. 19-2 at 36.

## IV. STANDARD OF REVIEW

Congress has prescribed the standards by which disability benefits may be awarded. "Disability" under the Act means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Review by this Court of the Commissioner's decision to deny disability benefits to a claimant is limited to a determination of whether the decision of the Commissioner is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006). "There is a notable difference between 'substantial evidence' and 'substantial evidence on the

4

record as whole.'" Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) (quotation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see also Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001) (quoting Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998)). "'Substantial evidence on the record as a whole,'. . . requires a more scrutinizing analysis." Gavin, 811 F.2d at 1199. "The substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." Id. (quotation omitted).

In reviewing the record for substantial evidence, the Court may not substitute its own opinion for that of the ALJ. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). The Court may not reverse the Commissioner's decision merely because evidence may exist to support the opposite conclusion. Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994); see also Woolf, 3 F.3d at 1213 (concluding that the ALJ's determination must be affirmed, even if substantial evidence would support the opposite finding). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994).

The claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Act. See 20 C.F.R. § 404.1512(a); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991). Once the claimant has demonstrated that he or she cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000).

5

## V. ANALYSIS

Lee challenges two aspects of the ALJ's decision and order—(1) the ALJ's RFC determination, and (2) the ALJ's failure to consider the medical source statement of Skjonsberg. The Commissioner, for its part, notes the ALJ's RFC determination is supported by substantial evidence, and the ALJ properly considered, but found unpersuasive against other evidence, the medical source statement of Skjonsberg.

### A. Residential Functional Capacity Determination

To start, Lee argues the ALJ erred in determining her RFC. More specifically, Lee asserts that the ALJ failed to provide adequate explanation as to how the administrative medical findings of Drs. Kravitz and Versland were accounted for in the RFC. Doc. No. 22 at 7-8. The Commissioner notes that the ALJ stated she found the administrative medical findings partially persuasive, but based on the record as a whole, the ALJ ultimately concluded Lee had only moderate limitations in functioning.

A disability claimant has the burden to establish their RFC. Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). The ALJ determines a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of limitations. Id. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir.2001). "[S]ome medical evidence" must support the determination of the claimant's RFC, Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir.2000) (per curiam), and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace." Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000).

Here, Drs. Kravitz and Versland found Lee suffered from several moderate mental health impairments. See generally Doc. No. 19-6. As noted above, Drs. Kravitz and Versland advised that Lee had the mental capacity to persist at simple tasks in a work setting with routine and predictable

6

work demands and few changes from day-to-day, and no more than incidental public contact. Id. The ALJ did consider these findings but found them only partially persuasive due to other evidence in the record. Doc. No. 19-2 at 33-34. As summarized by the ALJ:

> As for the claimant's mental impairments, the claimant responded she required only routine and conservative mental health treatment consisting of outpatient management of psychotropic medication and individual therapy, and her mental status findings and admitted daily activities support that she functioned adequately. As such, the undersigned finds the claimant capable of sustaining work within the functional parameters of this residual functional capacity assessment.

Id. at 34. Said another way, while Drs. Kravitz's and Versland's findings were considered, other evidence in the record suggested Lee was not as mentally impaired as their findings indicated.

The Court agrees with the Commissioner that substantial evidence supports the ALJ's decision. It is important to note that the standard is highly deferential and while this Court may have reached a different result, if there is evidence to support the ALJ's findings, then reversal is inappropriate. Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Baker v. Heckler, 730 F.2d 1147, 1150-51 (8th Cir. 1984). While the finding must include some medical evidence, the RFC determination is based upon the entirety of the record. See 20 C.F.R. § 404.1545. Here, the ALJ explained her decision not to fully adopt the medical findings by noting that Lee generally had normal mental status examination findings. See Doc. Nos. 19-2 at 30-32; 19-17 at 28; 19-21 at 4; 19-27 at 2; 19-40 at 7; 19-41 at 4; 19-42 at 6; 19-52 at 7; 19-55 at 3. Additionally, the ALJ found Lee's daily activities discredited the severity of the medical findings at issue. Doc. No. 19-2 at 32. Specifically, the ALJ noted Lee had no problems with self-care, could prepare meals, clean, do laundry, shop, drive, and play games on her phone daily. Doc. Nos. 19-2 at 32; 19-11 at 30-33. The ALJ also noted that Lee had never been fired because of interpersonal issues at work. Doc. No. 19-11 at 35. The ALJ

went on to highlight Lee's testimony that medication was generally effective in controlling her anxiety. Doc. Nos. 19-2 at 32; 19-5 at 22.

Without question, the ALJ did consider Drs. Kravitz's and Versland's medical findings and found their findings partially persuasive. And she relied, in part, on those findings, Lee's testimony, and her independent review of the entire record, in assessing Lee's RFC. On this record, Lee has not met her burden of proving the prior administrative medical findings warranted additional limitations. See Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Substantial evidence supports the ALJ's RFC finding, and as a result, Lee's RFC claim fails.

### B.   Medical Source Statement

Next, Lee argues that the ALJ did not properly consider Skjonsberg's medical source statement. Recall that Skjonsberg is a social worker who had individual therapy sessions with Lee. She completed a mental medical source statement in January 2021 in preparation for Lee's social security claim. Doc. No. 19-18 at 42-45. In her statement, Skjonsberg indicated that Lee had "no to mild" limitation in understanding, remembering, and carrying out very short and simple instructions. Id. at 43. Skjonsberg went on to assess Lee as suffering from "moderate impairment" in understanding, remembering, and carrying out detailed instructions; getting along with co-workers or peers without distracting them or exhibiting behavioral extremes and interacting appropriately with the public; maintaining attention for more than two-hour segments; and making simple work-related decisions. Id. Skjonsberg also indicated that Lee had "marked" limitation in performing within a schedule and maintaining regular attendance and punctuality within customary tolerances and completing a normal workday/workweek and performing at a consistent pace without an unreasonable

8

number of and length of rest periods. Id.  Finally, Skjonsberg indicated that Lee would miss more than three days of work a month due to her impairments or treatment. Id. at 44.

The ALJ acknowledged Skjonsberg's medical source statement, but ultimately found it unpersuasive, stating:

> The undersigned does not find Ms. Skjonsberg's medical source statement persuasive. Mental status exams performed by Ms. Skjonsberg evidence at least adequate social, cognitive, and adaptive functioning (e.g., 4F/59; 8F/69; 13F/16). Nor is assessed extreme limitation or excessive workplace absences consistent with the claimant's routine and conservative mental health treatment, which the claimant repeatedly advised improved her psychiatric symptoms, or her reported activities of daily living (5E; Hearing; see also, e.g., 4F; 11F; 13F; 14F). The undersigned therefore finds Ms. Skjonsberg's assessment of the claimant's mental functioning is generally not persuasive.

Doc. No. 19-2 at 33. The ALJ's citations to the areas of the record containing evidence contrary to Skjonsberg's statement—including her own treatment notes—is sufficient to show the ALJ's decision is supported by substantial evidence. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) (inconsistency with other evidence alone is sufficient to discount a medical opinion); see also Juszczyk v. Astrue, 542 F.3d 626, 633 (8th Cir. 2008) (medical evidence may be disregarded if it is inconsistent with other evidence in the record).  Because substantial evidence supports the ALJ's decision to disregard Skjonsberg's medical source statement, this claim also fails.

## VI.     CONCLUSION

For the reasons discussed above, the Court is satisfied that substantial evidence exists to support the Commissioner's final decision denying Lee's applications for DIB and SSI.  Accordingly, Lee's motion for summary judgment (Doc. No. 21) is **DENIED**, the Commissioner's motion for summary judgment (Doc. No. 23) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.  Lee's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 15th day of November, 2022.

                                                        */s/ Peter D. Welte*
                                                        Peter D. Welte, Chief Judge
                                                        United States District Court